UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Richard Wagner**,<br><br>Plaintiff,<br>v.<br><br>**601 Vine Hotel, LLC,** an Ohio limited liability company<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:17-cv-692<br><br>Judge<br><br>Magistrate Judge |

---

NOW COMES Richard Wagner, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, who hereby files this Complaint against the named Defendant for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Richard Wagner, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over

      actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Southern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

**PARTIES**

4. Plaintiff, Richard Wagner, is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **601 Vine Hotel, LLC**, upon information and belief, owns or operates the business located at 601 Vine St, Cincinnati, OH 45202 in Hamilton County, Ohio, which is a hotel known as "The Cincinnatian Hotel." Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation as an overnight guest, and he has experienced the barriers to access complained of herein.

6. Upon information and belief, the facility owned or operated by the Defendant is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Wagner is a paraplegic and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Mr. Wagner is a current Franklin County, Ohio resident, but for 19 years, resided in the Deer Park community of Cincinnati in Hamilton County. Plaintiff's brother still resides in the City of Cincinnati and Plaintiff has many friends and family living within the city whom he visits regularly. As such, he frequents the hotels, parks, and other recreation establishments of Cincinnati, including the Defendant's property that forms the subject of this complaint.

9. On or about September 6-7, 2017, Plaintiff patronized the Defendant's property, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

10. Plaintiff reserved his hotel guestroom room via telephone and was told by the registration telephone operator that accessible guest rooms are available but that an "ADA room" was a "special request" that would have to be confirmed upon a guest's check-in. He requested a description of the accessible features of the guestrooms but the telephone operator was not able to identify and describe any accessible features.

11. Upon checking in at the hotel the evening of September 6, 2017, Plaintiff advised he had made a special request of a handicap accessible guest room. Plaintiff was told by the Defendant's agent, the clerk at the registration counter, that, "I don't know the legality of this but our property does not have any ADA rooms."

12. Despite there being no accessible guestroom, the Plaintiff did not want to search all over downtown Cincinnati at the eleventh hour for accessible lodging and continued his stay.

13. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel without fear of discrimination.

14. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

15. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of the hotel owned or operated by Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

Accessible Routes

A. There are ramps inside this facility without required handrails on both sides, in violation of the ADA whose remedy is readily achievable.

B. The path to the "Health Facility" is inaccessible due to steps along the accessible route, in violation of the ADA whose remedy is readily achievable.

C. Some of the dining and bar areas inside the hotel are inaccessible due to the presence of steps along the accessible route, in violation of the ADA whose remedy is readily achievable.

D. There is no accessible route from the valet parking service due to lack of curb access, in violation of the ADA whose remedy is readily achievable.

Guestrooms:

E. There are no designated accessible guestrooms with mobility features, whereas a hotel with 147 guestrooms is required to have seven total guestrooms with mobility features, according to section 224.2 of the 2010 Standards.

F. There are no designated accessible guestrooms with roll-in showers, whereas a hotel with 147 rooms is required to have two of the designated accessible guestrooms equipped with mobility features to be equipped with roll-in showers, according to section 224.2 of the 2010 Standards.

G. The designated accessible guestrooms are not disbursed among the various classes of guestrooms, including Deluxe King and Queen, Atrium Deluxe King, balcony rooms, Executive Deluxe, Whirlpool rooms, and the Emery Presidential Suite, whereas it is a requirement that accessible rooms be

available throughout the classes and types of rooms, in violation of the ADA whose remedy is readily achievable.

Lobby Restroom

    H. The men's restroom contains missing and non-compliant grab bars around the water closet, in violation of the ADA whose remedy is readily achievable.

    I. The men's restroom lavatory pipes are not insulated for scalding or contact, in violation of the ADA whose remedy is readily achievable.

    J. The men's restroom sinks do not have required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

    K. The hook inside the designated accessible toilet compartment in the men's restroom is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

    L. The men's restroom designated accessible toilet compartment door is not self-closing, in violation of the ADA whose remedy is readily achievable.

    M. The restroom mirror is mounted is excess of the permissible height from the finished floor to the mirror's reflective surface, in violation of the ADA whose remedy is readily achievable.

    N. Upon information and belief, the women's restroom contains similar barriers, in violation of the ADA whose remedy is readily achievable.

Health Facility

    O. The door to the Health Facility has hardware that requires tight-grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

P. There is insufficient maneuvering clearance between the fitness equipment and a step inside the Health Facility, preventing wheelchair users from accessing the equipment, in violation of the ADA whose remedy is readily achievable.

Q. There are amenities, including a courtesy telephone, with operable parts in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Sauna

R. The door hardware on the entrance to the sauna requires tight-grasping or twisting, in violation of the ADA whose remedy is readily achievable.

S. There is insufficient latch-side clearance to enter and exit the sauna, in violation of the ADA whose remedy is readily achievable.

T. The restroom in the sauna area lacks required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

U. In the sauna area restroom, there are no grab bars around the water closet, in violation of the ADA whose remedy is readily achievable.

V. In the sauna area restroom, the toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

Conference Area Restrooms

W. The men's restroom in the conference area lacks required latch-side clearance to exit the restroom, in violation of the ADA whose remedy is readily achievable.

X. The men's restroom designated accessible toilet compartment door is not self-closing, in violation of the ADA whose remedy is readily achievable.

Y. The hook inside the designated accessible toilet compartment in the men's restroom is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Z. The flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

AA. The men's restroom lavatory pipes are not insulated for scalding or contact, in violation of the ADA whose remedy is readily achievable.

BB. The men's restroom sinks do not have required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

CC. Upon information and belief, the women's restroom contains similar barriers, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

DD. The business center with computer kiosks inside does not have sufficient clear floor space for wheelchair users, in violation of the ADA whose remedy is readily achievable.

EE. Dining areas do not have at least 5% of dining surfaces designated accessible with required height and knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures:

FF. The operator lacks or has inadequately defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

GG. The operator has not modified its policies, practices or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms.

HH. The operator's agent cannot identify and describe accessible features in the guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given guest room meets his or her accessibility needs.

II. The operator lacks policy to ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type.

JJ. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable. This includes an absence of emergency evacuation plans of the hotel's high rise for the Defendant's guests with varying types of

    disabilities who may require an added duty of care and pre-planning.

KK. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Richard Wagner.

17. The discriminatory violations described in Paragraph 16 by the Defendant are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The hotel at issue, as owned or operated by Defendant, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the hotel accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW**
**O.R.C. §4112.01 et seq.**

23. Plaintiff restates the allegations of ¶¶1-22 as if fully rewritten here.

24. The Defendant operates and owns a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

25. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. Whereas, the Defendant has a complete disregard for the availability of services at its property for people with disability and mobility impairment such as the Plaintiff Richard Wagner.

26. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615

(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

/s/ Valerie J. Fatica
Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 – Facsimile
valeriefatica@gmail.com
Co-Counsel for Plaintiff